JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON ALBERTO MARTINEZ-AVELAR,<br><br>Petitioner,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, et al.,<br><br>Respondents. | Case No.: ED CV 21-543-DMG (AFM)<br><br>**ORDER DISMSSING PETITION AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

Petitioner is currently in custody of Immigration and Customs Enforcement ("ICE") subject to a final order of removal. On March 30, 2021, he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition includes a request for a temporary restraining order ("TRO") prohibiting Respondents from removing Petitioner pending resolution of this action. (ECF 1 at 1-12.) On March 31, 2021, Respondents filed an opposition, arguing that the application for a TRO should be denied and the petition dismissed for lack of jurisdiction. (ECF 5.) For the following reasons, the petition is summarily dismissed, and Petitioner's request for a TRO is DENIED.

# I.

## Factual Background

Petitioner is a native and citizen of El Salvador who was ordered removed by an Immigration Judge in 2003. (ECF 1 at 2.) In 2006, the Ninth Circuit denied his petition for review of the removal order. *Martinez-Avelar v. Gonzales*, 205 F. App'x 515 (9th Cir. 2006). The Ninth Circuit has also denied several petitions for review challenging the Board of Immigration Appeals' denials of Petitioner's motions to reopen. *See, e.g., Martinez-Avelar v. Barr*, 810 F. App'x 556 (9th Cir. 2020); *Martinez-Avelar v. Sessions*, 683 F. App'x 573 (9th Cir. 2017); *Martinez-Avelar v. Holder*, No. 12-72338 (9th Cir. Oct. 19, 2012 order).

On February 17, 2021, Petitioner applied for a stay of removal pursuant to Form I-246. (*See* ECF 1 at 14.) Petitioner argued that a stay is warranted based upon humanitarian reasons – namely, his lengthy residence in the United States, the danger he would face if he were removed to El Salvador, and his substantial connections to the United States, including his U.S. citizen mother who suffers from severe medical conditions and relies on Petitioner as her primary caregiver. (ECF 1 at 3-4, 14.) Petitioner's request was denied on March 23, 2021. (ECF 1 at 3, 14.)

On March 24, 2021, Petitioner requested review of his request for a stay of deportation. His request relied upon a February 18, 2021 Memorandum from Tae D. Johnson, Acting Director of U.S. Immigration and Customs Enforcement, which established interim guidance on civil immigration enforcement and removal decisions ("Johnson Memorandum"). (ECF 1 at 4.) Among other things, the Johnson Memorandum prioritized three "presumed priority noncitizen" categories: a national security enforcement and removal priority; a border security enforcement and removal priority; and a public safety enforcement and removal priority. (ECF 1 at 16-22.) Petitioner argued that he should not be found to fall within any of the three categories for priority enforcement. (ECF 1 at 4-9.) Petitioner's request for review was denied on March 29, 2021. (ECF 1 at 4, 10.)

## II.

## Petitioner's Claims for Relief

Petitioner alleges that his detention violates the Due Process Clause and the Administrative Procedure Act ("APA"). Specifically, Petitioner contends that ICE has deprived him of due process by "unjustifiably detaining him against its own department's policies and guidelines." (ECF 1 at 5-6.) In support of this claim, Petitioner points to the Memorandum from Tae Johnson (which sets forth three categories of non-citizens whose removal should be prioritized) and argues that he does not fall within any of the three categories. (ECF 1 at 6.)

As relief, Petitioner seeks a writ of habeas corpus ordering Respondents to release Petitioner immediately or, in the alternative, ordering Respondents to provide Petitioner with "a constitutionally adequate, individualized hearing" at which "Respondent's bear the burden of establishing that Petitioner's continued detention is justified." (ECF 1 at 11.) Petitioner also seeks a temporary restraining order restraining Respondents from removing Petitioner pending resolution of this action. (ECF 1 at 12.)

## III.

## Discussion

Generally, federal district courts are authorized to grant a writ of habeas corpus under Section 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(1), (3). Habeas corpus jurisdiction does not exist, however, to consider final orders of deportation or removal; instead such jurisdiction is vested exclusively in the courts of appeals. *See* 8 U.S.C. § 1252(a)(5). Furthermore, pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has explained that Section

1252(g) is to be interpreted narrowly, and is intended to limit "attempts to impose judicial constraints upon prosecutorial discretion." *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004) (citation omitted). Thus, section 1252(g) does not divest courts of jurisdiction to hear those cases involving "a purely legal question, which does not challenge the Attorney General's discretionary authority[.]" *Id*. In particular, Section 1252(g) does not "prevent the district court from exercising jurisdiction over . . . due process claims [that] do not arise from a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien, but instead constitute general collateral challenges to unconstitutional practices and policies used by the agency." *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1118 (9th Cir. 2001) (internal quotation marks and citations omitted). Pursuant to 8 U.S.C. § 1252(g), federal courts lack jurisdiction to extend habeas review under Section 2241 to "any cause or claim by or on behalf of any alien arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien." *See, generally, Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [Section 1252(g)'s] jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."). In addition, "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012). Nevertheless, district courts retain jurisdiction to consider a Section 2241 petition alleging constitutional or statutory error in the removal process. *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829–830 (9th Cir. 2002); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Here, Petitioner relies upon the Due Process Clause and the APA.

Notwithstanding Petitioner's attempt to characterize his claim as a constitutional challenge, Petitioner's allegations make clear that he seeks to challenge

the government's exercise of its discretion in executing the final removal order. The decision in *Balogun v. Sessions*, 330 F. Supp. 3d 1211 (C.D. Cal. 2018), is instructive. There, the petitioner was subject to a final order of removal, but he also was awaiting a final decision on his application for a U visa. *Id*. at 1211. He filed a Section 2241 petition and Administrative Procedure Act complaint in this District Court, challenging ICE's denial of his request for a stay pending the decision on his visa application. The petitioner did not contest the validity or legality of his removal. The petitioner argued that Section 1252(g) did not strip the Court of its habeas jurisdiction because ICE "failed to follow its own internal agency guidance that favors postponing removal," which was arbitrary and capricious and an abuse of discretion. *Id*. at 1212. As relief, he sought to enjoin ICE from executing his removal pending a final decision on his U visa application. *Id*. at 1212. The court held that it lacked subject matter jurisdiction over the claim. *Id*. at 1218. As it explained:

> [A] challenge to ICE's refusal to stay removal is the paradigmatic claim arising from a decision to execute a removal order. If ICE's enforcement discretion is to mean anything, it must include the discretion to decide whether and when to start removal proceedings and execute removal orders . . . . [T]he refusal to stay removal cannot be . . . a legally-distinct decision somehow divisible from the decision to execute removal. . . . [T]he decision to stay—or not stay—removal is intrinsic to the decision to execute a removal order.

*Id*. at 1215-1216.

In the present case, Petitioner effectively challenges ICE's enforcement of the removal order and/or the denial of his request to stay the removal order. Such challenges clearly fall within Section 1252(g) and preclude habeas corpus jurisdiction. *See, e.g., Ortiz v. Wolf,* 2020 WL 5909792, at *2 (D. Nev. Oct. 6, 2020) ("It is plain that Ortiz seeks to challenge the enforcement of a removal order, or suspend its enforcement, and sections 1252(a)(5), (b)(9) and (g) apply and expressly

preclude this Court from exercising subject-matter jurisdiction over this case."); *Fatty v. Nielsen*, 2018 WL 3491278, at *2 (W.D. Wash. July 20, 2018) (noting that a challenge to removal or the discretionary denial of a request for a stay of removal is precluded by Section 1252(g)).

Indeed, Petitioner explicitly seeks an order reversing Respondent's decision to detain and remove him. As the Ninth Circuit has explained, the distinction between an independent claim and indirect challenge to an order of removal turns on the substance of the relief sought. *See Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011). Petitioner's request for an order releasing him from ICE custody and restraining Respondent from removing him is properly characterized as an indirect attack on his final order of removal. As such, the Court lacks jurisdiction to consider it. *See Gebreslasie v. United States Citizenship & Immigration Servs.*, 778 F. App'x 532, 533 (9th Cir. 2019) (an alien who is the subject of removal proceedings cannot challenge in district court the exercise of ICE's discretion to determine whether and when to carry out these three discrete, discretionary actions); *Garcia-Herrera v. Asher*, 585 F. App'x 439, 440 (9th Cir. 2014) (concluding that a challenge to "ICE's decision not to delay [a habeas petitioner's] removal pending the adjudication of his application for relief under DACA" is "a challenge to ICE's decision to execute a removal order" that the district court lacked jurisdiction to review pursuant to section 1252(g)); *Palacios-Bernal v. Barr,* 2019 WL 5394019, at *4 (C.D. Cal. Oct. 22, 2019) (Section 1252(g) forecloses habeas relief in the district court over petitioner's request for a stay of removal); *see also Flores v. Johnson*, 2015 WL 12656240, at *3 (C.D. Cal. Sept. 30, 2015) ("Petitioner Flores's attempts to frame his arguments as 'constitutional challenges' do not persuade the Court that his claims are anything but 'backdoor attempt[s] to have this Court review the underlying merits of Petitioner's removal.'") (quoting *Singh v. Holder*, 638 F.3d 1196, 1210–1211 (9th Cir. 2011)).

In support of his due process claim, Petitioner cites cases standing for the

general proposition that "civil detention is unconstitutional absent sufficient justification and strong procedural protections" and "as detention grows in length, the justification for the increasingly severe deprivation of individual liberty must also grow stronger." (ECF 1 at 5 (citing, among other cases, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), and *Casas-Castrillon v. Dep't. of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008).) Petitioner's reliance upon these cases is misplaced.

*Zadvydas* held that Section 2241 "remain[s] available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas,* 533 U.S. at 688. Both *Zadvydas* and *Casas-Castrillon* involve claims of prolonged, or indefinite, detention prior to removal. Specifically, the Court in *Zadvydas* considered the statutory authority for detention following a final order of removal and found that it did not authorize indefinite – "perhaps permanent" – detention. *Zadvydas*, 533 U.S. at 682, 699. Rather, "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689-690. The Court determined that six months was a presumptively reasonable period of detention. *Id.* at 701.

Petitioner here was detained on March 23, 2021 – only a week prior to filing this petition.[1] He does not, and cannot, claim that his one-week detention is constitutionally unreasonable such that it falls within *Zadvydas* or its progeny.

Finally, to the extent that Petitioner attempts to base jurisdiction on the APA, his claim fares no better. Petitioner argues that the decision denying his request to stay removal "went against" ICE enforcement priorities as set forth in the Johnson

---

[1] The majority of the cases relied upon by Petitioner do not involve detention in the context of immigration proceedings. (*See* ECF 1 at 5 (citing, for example, *Foucha v. Louisiana*, 504 U.S. 71 (1992), and *Kansas v. Hendricks*, 521 U.S. 346 (1997).) As such, they have no bearing on the question of this Court's jurisdiction under the REAL ID Act.

Memorandum. (ECF 1 at 10.)² By its own terms, the APA does not apply "to the extent that . . . statutes preclude judicial review." 5 U.S.C. § 701(a)(1). As discussed, 8 U.S.C. §§ 1252(a)(2)(A) and 1252(g) preclude judicial review, including expressly precluding review under "section 2241 of Title 28, or any other habeas corpus provision." Accordingly, the APA cannot provide an alternative basis for jurisdiction. *See Riseepan v. Wolf*, 2021 WL 705924, at *7 (D. Ariz. Jan. 15, 2021) (no jurisdiction under APA because section 1252(a) precluded judicial review), *report and recommendation adopted*, 2021 WL 689917 (D. Ariz. Feb. 23, 2021); *Balogun*, 330 F. Supp. 3d at 1214 (court lacked jurisdiction under section 2241 and the APA, explaining that section 1252(g) eliminates federal court jurisdiction to review discretionary decisions challenging whether or how ICE followed its internal guidelines in refusing to stay Plaintiff's removal); *Rodriguez-Sosa v. Whitaker*, 2018 WL 6727068, at *2 (D. Minn. Dec. 21, 2018) ("a petitioner may not avoid jurisdictional issues by attempting to disguise a challenge to a removal order as an APA claim").

For the foregoing reasons, it is ordered that (1) the petition for a writ of habeas corpus is dismissed for lack of jurisdiction and (2) Petitioner's request for a temporary restraining order is respectfully denied due to the lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: April 1, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

² The Court notes that Petitioner's assumption that the guidelines create a non-discretionary procedure enforceable by the APA is belied by the Johnson Memorandum itself. As Respondents point out, the Johnson Memorandum explicitly states that the guidelines regarding enforcement priorities "are not intended to, do not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." (ECF 1 at 22.)